UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STACEY GERARDI, in her capacity as )<br>Personal Representative of the ESTATE )<br>OF STEPHANIE GERARDI, )<br>DEANNA GERARDI, and TWO MINORS, )<br>)<br>　　　　　　　Plaintiffs, )<br>)<br>v. )<br>)<br>POLICE OFFICERS SEAN MURPHY, )<br>DAVID HARRIS, DOMENIC MONTANO,)<br>THE SAUGUS POLICE DEPARTMENT, )<br>POLICE CHIEF MICHAEL )<br>RICCIARDELLI, and TOWN OF SAUGUS,)<br>　　　　　　　Defendants. )<br>)<br>　　　　　　　　　　　　　　　　) | Civil Action No. 24-cv-12072-MJJ |

**ORDER ON DEFENDANTS' MOTION TO COMPEL**
[Docket No. 22]

January 7, 2026

Boal, M.J.

　　Defendants Sean Murphy, David Harris, Domenic Montano, Michael Ricciardelli, and

the Town of Saugus (collectively "Defendants") filed a motion to compel Plaintiff Deanna

Gerardi's unredacted psychotherapy records.  Docket Nos. 22.  For the following reasons, I grant

in part the motion.[1]

---

[1] On September 15, 2025, Judge Joun referred this case to the undersigned for all pretrial
proceedings and report and recommendation, excluding dispositive matters.  Docket No. 26.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 14, 2021, the Saugus Police Department dispatched officers to the Gerardis'

home in response to a report of a suicidal individual.  Docket Nos. 1 and 11 at ¶¶ 22, 38, 42. [2]

Officers Sean Murphy and David Harris entered the home where Stephanie Gerardi greeted them

and asked for a hug.  Id. at ¶¶ 48-50.  After Murphy declined the request for a hug, Stephanie[3]

entered the kitchen and grabbed a knife.  Id. at ¶¶ 57, 62.  Murphy allegedly shot Stephanie three

times.  Id. at ¶¶ 64, 66.  She was pronounced dead at the scene.  Id.

On August 12, 2024, Plaintiffs filed a complaint against Defendants pursuant to

42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and § 504 of

the Rehabilitation Act of 1973, 29 U.S.C. § 794.  Docket No. 1.  The complaint also asserted

claims of negligent infliction of emotional distress.  Id.

In response to Defendants' document requests, Plaintiffs produced nearly 300 pages of

Deanna's psychotherapy records.  Docket No. 23-2 at 1.  According to Plaintiffs, Deanna's

treatment provider, however, redacted portions of the records pertaining to a traumatic childhood

event that Plaintiffs characterized as irrelevant to the material issues in the case and to the

calculation of damages.  Docket No. 23-2 at 1.  Defendants sought the unredacted versions

largely because certain redactions appeared either before or after references to the shooting.[4]

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket.
They reference the docket number assigned by CM/ECF, and include pincites to the page
numbers appearing in the top right corner of each page within the header appended by CM/ECF.

[3] For the sake of clarity, I will refer to each of the Gerardi family members by their first names.

[4] Defendants provide the following examples.  "[T]here appears to be a repeated redaction where
it states 'Trauma- disclosed [redacted] witnessed sister shot by police' . . . 'reliving events of the
night sister was killed [redacted below statement].'  There are additionally several other
redactions which occur amongst conversation regarding her sister being shot and more clearly
surrounding her drug use."  Docket No. 23-3 at 2.

Docket No. 23-3 at 2.  Defendants proposed a stipulation that the documents be produced under a

protective order.  Docket No. 23-4 at 1-2.  Plaintiffs refused but offered to provide the unredacted

records to defense counsel only, subject to the entry of a protective order.  Docket No. 23-5 at 2.

Defendants replied that they would agree to a protective order that preserved their ability to

discuss the records with the named defendants and the insurance carrier.  Docket No. 23-7 at 2.

Plaintiffs refused.  Docket No. 23-8 at 1.

On September 3, 2025, Defendants filed the instant motion, to which Plaintiffs filed an

opposition.  Docket Nos. 22; 27.  This Court held a hearing on October 14, 2025.  Docket No.

34.  On October 15, 2025, this Court ordered Plaintiffs' counsel to submit both the redacted and

unredacted records at issue for in camera review.  Docket No. 35.

## II.    ANALYSIS

Defendants do not appear to dispute that the records in question are privileged

communications.  See In re Grand Jury Proceedings (Gregory P. Violette), 183 F.3d 71, 73 (1st

Cir. 1999) (federal common law recognizes the psychotherapist-patient privilege).[5]  They do,

however, claim that Deanna has waived the psychotherapist-patient privilege by placing her

psychological condition at issue.  Docket No. 23 at 6.  For the reasons discussed below, I find

that Deanna has not waived the privilege under this theory.

The psychotherapist-patient privilege can be waived.  Riley v. Massachusetts State

Police, No. 15-14137-DJC, 2017 WL 11487867, at *3 (D. Mass. Apr. 12, 2017).  Federal courts,

however, "have developed divergent approaches for determining whether [the] privilege has been

---

[5] Where, as here, the Court's jurisdiction is based on the existence of a federal question claim but
the Court is also hearing state law claims pursuant to supplemental jurisdiction, federal law of
privilege applies.  Vanderbilt v. Town of Chilmark, 174 F.R.D. 225, 226-227 (D. Mass. 1997)
(citations omitted).

waived," consisting of the so-called "narrow," "middle ground," and "broad" approaches. St. John v. Napolitano, 274 F.R.D. 12, 18 (D.D.C. 2011). While the issue remains unsettled in the First Circuit, see Cabot v. Lewis, No. CV 13-11903-FDS, 2015 WL 13648107, *1 (D. Mass. July 8, 2015), this Court follows the "middle ground" approach. Under this approach, the privilege remains intact for "garden variety" emotional distress claims but gives way for more severe emotional distress allegations, including a claim that the plaintiff suffered a diagnosed mental disorder because of a defendant's actions. Riley, 2017 WL 11487867, at *3. In determining whether a claim alleges more than "garden variety" emotional distress, a court considers the following factors:

> (1) whether the plaintiff has asserted 'a cause of action for intentional or negligent infliction of emotional distress;' (2) whether the plaintiff has alleged 'a specific mental or psychiatric injury or disorder;' (3) whether the plaintiff has asserted 'a claim of unusually severe emotional distress;' (4) whether the plaintiff seeks to offer 'expert testimony to support a claim of emotional distress;' and/or (5) whether the plaintiff concedes 'that his or her mental condition is in controversy' in the case.

Silvestri v. Smith, No. CV 14-13137-FDS, 2016 WL 778358, *3 (D. Mass. Feb. 26, 2016) (quoting, St. John, 274 F.R.D. at 19).

Here, Deanna's claim for negligent infliction of emotional distress "does not, in and of itself, operate as a waiver." Sorenson v. H & R Block, Inc., 197 F.R.D. 199, 204 (2000). She does assert "tremendous emotional distress and psychological trauma," Docket No. 1 at ¶ 102, as a result of standing behind Stephanie at the shooting, Docket No. 27 at 4. However, Deanna states that she "does not assert a clinical diagnosis." Docket No. 27 at 4. She also states that she will not proffer expert psychiatric testimony or rely on the substance of therapy sessions. Id. Accordingly, I find that Deanna has not waived the privilege generally by alleging more than "garden variety" emotional distress claims.

A patient may, however, waive the psychotherapist-patient privilege in other ways. See

Vanderbilt, 174 F.R.D. at 228 (listing explicit waiver and disclosure as means to waive the

privilege).  In analyzing the circumstances under which waiver is made, courts often analogize

the psychotherapist-patient privilege to the attorney-client privilege.  Id. at 229 (psychotherapy-

patient and attorney-client privileges both rooted in "need for confidence and trust," thus scope

of each "should be similar" [quotation and citation omitted]).  The issue here is whether the

partial disclosure of privileged records waives the privilege for the whole.  While courts in this

circuit have concluded that disclosure of attorney-client communications to a third party waives

privilege, see Cavallaro v. United States, 284 F.3d 236, 246-47 (1st Cir. 2002), caselaw regarding

partial disclosure "is less developed," United States v. Joint Active Sys., Inc., No. CV 19-MC-

91053-ADB, 2020 WL 9747574, *5 (D. Mass. Apr. 28, 2020).  The Federal Rules of Evidence,

however, provide that waiver resulting from disclosure of protected attorney-client

communications extends to undisclosed material "only if:  (1) the waiver is intentional; (2) the

disclosed and undisclosed communications or information concern the same subject matter; and

(3) they ought in fairness to be considered together."  Fed. R. Evid. 502(a).

Here, Plaintiffs have intentionally waived the psychotherapist-patient privilege regarding

the unredacted portions of the communications shared with Defendants.  The remaining question

is whether the redacted portions of those same communications concern the subject of

Stephanie's death or bear on damages, and whether fairness requires their consideration with the

unredacted communications.  This Court has reviewed the unredacted records and finds that the

redactions fall into two subject matter areas.  The first area, a traumatic childhood event, is

addressed by Plaintiffs in their memorandum.  I find that these references are irrelevant to this

case.  The second subject matter area concerns substance abuse (including tobacco usage).

Plaintiffs do not address this area at all.  Even if they had, I find that these references concern

relevant material, particularly to damages and should be disclosed.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, I grant in part Defendants' Motion to Compel.  Plaintiffs must

produce records unredacted in accordance with this order within two weeks.

<i>/s/ Jennifer C. Boal</i>
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE
