UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY GERARDI, in her capacity as Personal Representative of the ESTATE OF STEPHANIE GERARDI, DEANNA GERARDI, and TWO MINORS,<br><br>Plaintiffs,<br><br>v.<br><br>POLICE OFFICERS SEAN MURPHY, DAVID HARRIS, DOMENIC MONTANO, THE SAUGUS POLICE DEPARTMENT, POLICE CHIEF MICHAEL RICCIARDELLI, and TOWN OF SAUGUS,<br>Defendants. | Civil Action No. 24-cv-12072-MJJ |

ORDER ON DEFENDANTS' MOTION FOR SANCTIONS
[Docket No. 58]

October 21, 2026

Boal, M.J.

This case concerns the alleged unreasonable use of deadly force against Stephanie Gerardi. Defendants move (1) for sanctions as a result of Plaintiffs' late and incomplete disclosure of medical records; and (2) to exclude Plaintiffs' latest expert report on the basis of improper supplementation.[1] For the following reasons, this Court grants in part and denies in

[1] On September 15, 2025, Judge Joun referred this case to the undersigned for all pretrial proceedings and report and recommendation, excluding dispositive matters. Docket No. 26. Generally, courts have treated motions to strike expert reports as non-dispositive matters. See, e.g., Masimo Corp. v. Philips Elec. North Am. Corp., 62 F. Supp. 3d 368, 388 (D. Del. 2014) ("A Daubert motion to exclude testimony presents a non-dispositive matter, and objections to a Magistrate Judge's recommendation on a non-dispositive motion are subject to a 'clearly erroneous and contrary to law' standard of review, pursuant to 28 U.S.C. 636(b)(1)(A) and Fed. R. Civ. P. 72(a)."); Iacangelo v. Georgetown Univ., No. 05-2086, 2010 WL 4807082, at *3 (D.D.C. Nov. 19, 2010) (finding that motions to strike expert reports and exclude expert

part Defendants' motion.

I. PROCEDURAL BACKGROUND

On August 12, 2024, Plaintiffs filed their complaint. That complaint references a number of involuntary hospitalizations for the decedent Stephanie Girardi. Docket No. 1 at ¶¶ 17, 23. Such hospitalizations as described in the complaint involved members of the Saugus Police Department. Id. In their initial disclosures dated December 14, 2024, Plaintiffs identified the relevant documents in their possession, custody and control, including "[a]ll hospital commitment reports under M.G.L. c. 123 for Stephanie Girardi." Docket No. 59-2 at 4. After attempting to obtain such documentation through interrogatories and document requests, Defendants state that they were led to believe that Plaintiffs in fact did not have possession of those documents. Docket No. 59 at 2-3. As a result, on January 28, 2025, Defendants deposed Plaintiffs Stacey and Deanna Gerardi.[2] Id. at 3.

However, since the October 30, 2025, fact discovery deadline, see Docket No. 20, Plaintiffs have produced "hundreds of pages of relevant documents as to [Stephanie's] prior involuntary hospitalizations . . . and have indicated additional documents may be forthcoming," Docket No. 59 at 2. Following ongoing medical records inquiries, Plaintiffs produced additional records from McLean Hospital on February 12, 2026, Docket No. 59-1, which detailed historical clinical evaluations from 1982 through June 23, 2017, Docket No. 59-8 at 2. See Docket No. 59

testimony are non-dispositive matters); Highland Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 177-178 (S.D.N.Y. 2008) (reviewing magistrate judge's order granting motion to exclude expert testimony under the "clearly erroneous or contrary to law" standard). But see Yang v. Brown Univ., 149 F.R.D. 440, 442-443 (D.R.I. 1993) (finding that magistrate judge's order precluding expert from testifying crossed the line from non-dispositive to dispositive decision-making because the ruling vitiated the plaintiff's case and was tantamount to an involuntary dismissal).

[2] For the sake of clarity, I will refer to each of the Gerardi family members by their first names.

at 3-4. Defendants argue that Plaintiffs' untimely production of medical records prejudiced their ability to fully depose the Plaintiffs on matters central to the defense. Id. at 3-4, 6.

Separately, Plaintiffs timely disclosed expert Scott Sargent's initial report on December 9, 2025. Docket No. 61 at 6. However, on January 29, 2026, Defendants disclosed additional pages of training records and an older edition of a previously disclosed use of force policy. Docket No. 59 at 4. On May 2, 2026, Sargent issued a revised expert report that, among other things, incorporated the newly produced records. Docket No. 60 at 24-47. It also included new sections unrelated to the new material. Defendants argue that the report made significant alterations to the expert's prior core opinions that had no relationship to the late-disclosed training records, giving Plaintiffs a "second bite at the apple." Docket No. 59 at 1-2, 5.

## II. DISCUSSION

Defendants ask this Court to order the production of any remaining outstanding medical records, and to impose corresponding sanctions, including the limited reopening of necessary discovery and attorneys' fees. Id. at 10. They also seek to exclude entirely or in part Plaintiffs' original[3] and supplemental expert reports, or, alternatively, compliance with the expert disclosure requirements of Rule 26, an opportunity to prepare rebuttal expert reports, and sanctions in the form of Plaintiffs' payment for such supplementation. Id.

### A. Medical Records

Rule 26 of the Federal Rules of Civil Procedure requires a party to disclose at the outset of a case "all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). Moreover, a

[3] This Court finds that Defendants have not provided any basis for the exclusion of the original report at this time. That part of the motion is therefore denied.

party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Courts have "'broad discretion' in fashioning sanctions for Rule 26 violations pursuant to Rule 37(c)." HC&D, LLC v. Cashman Equip. Corp., No. 22-CV-10224-ADB, 2026 WL 1329114, at *3 (D. Mass. May 13, 2026) (quoting Laplace-Bayard v. Batlle, 295 F.3d 157, 161–62 (1st Cir. 2002)). "Factors to be considered when deciding an appropriate remedy for a Rule 26 violation include '(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects — e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.'" Id. (quoting Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009)).

Defendants argue that the late-produced medical records deprived them of the opportunity to depose Plaintiffs Stacey and Deanna regarding the details of Stephanie's prior hospitalizations and interactions with medical staff. Docket No. 59 at 6-7. Plaintiffs contend that because Stephanie's involuntary commitments directly involved the Saugus Police Department, the fundamental facts of the commitments were already within Defendants' own records. Docket No. 61 at 12.

Although Defendants may have been aware of a number of Stephanie's commitments, it is not clear that they knew of all of them or that they possessed the specific late-produced clinical records and behavioral notes when they conducted the depositions of Stacey and Deanna Gerardi on January 28, 2025. Nor does it obviate Plaintiffs' obligation to produce the records in a timely manner. In addition, Plaintiffs have not provided a sufficient justification to avoid the re-

opening of discovery or sanctions. Accordingly, Plaintiffs are ordered to produce any outstanding medical records within one week of the date of this order. Given the production of records months after the discovery deadline, Defendants shall have the limited opportunity to mitigate any prejudicial effects of this late disclosure. Accordingly, Defendants may re-depose Stacey and Deanna Gerardi on a limited basis within the next thirty days. Each deposition shall not exceed one hour and shall be confined solely to the contents of the late-produced medical records. Plaintiffs shall pay the cost of the court reporter for those depositions.

B. Supplemental Expert Report

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to other parties the identity of any expert witness it may use at trial, as well as a written expert report that contains, among other things:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them; and
> (iii) any exhibits that will be used to summarize or support them.

Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to make these disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Though the baseline sanction for failure to comply with Rule 26 is preclusion, preclusion 'is not a strictly mechanical exercise.'" Gay v. Stonebridge Life Ins. Co., 660 F.3d 58, 62 (1st Cir. 2011) (citations omitted). In deciding whether to impose the sanction of preclusion, courts should consider "an array of factors," including "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects (i.e., harmlessness); the history of the litigation; the late disclosure's impact on the district

court's docket; and the sanctioned party's need for the precluded evidence." Harriman v. Hancock Cnty., 627 F.3d 22, 30 (1st Cir. 2010) (citations omitted).

Plaintiffs argue that Sargent's report is timely because it qualifies as a "supplemental" disclosure under Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure. A party has a duty to "supplement or correct" expert reports "if the party learns that in some material respect [the report] is incomplete or incorrect, and if additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "The duty to supplement is intended to benefit the recipient of the earlier disclosure by correcting misinformation or omissions in the prior disclosure." Presstek, Inc. v. Creo, Inc., No. 05-cv-65-PB, 2007 WL 983820, at *4 (D.N.H. Mar. 30, 2007). "It 'does not grant a license to supplement a previously filed expert report because a party wants to, but instead imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect.'" Id. (citation omitted); see also In re Zofran (Ondansetron) Products Liab. Litig., No. 1:15-md-2657-FDS, 2019 WL 5423907, at *3 (D. Mass. Oct. 23, 2019) (citation omitted) ("While the rule permits an expert to supplement his or her report even after initial disclosures have passed, it 'is not a license to freely amend expert reports to bolster a party's position.'").

"Ordinarily, the proper scope of a supplemental report is limited to 'correcting inaccuracies' or 'filling interstices' in an initial report." In re Zofran, 2019 WL 5423907, at *3 (citations omitted). An expert report that contains new opinions based on information available prior to the expiration of the expert report deadline is not considered "supplemental." Marine Polymer Techs., Inc. v. HemCon, Inc., No. 06-cv-100-JD, 2010 WL 1427549, at *4 (D.N.H. Apr. 2, 2010) (internal punctuation marks and quotation omitted); see also Massachusetts Mutual

Life Ins. Co. v. DB Structured Products, Inc., No. 11-30039-MGM, 2015 WL 12990692, at *4 (D. Mass. Mar. 31, 2015) (if a report submitted after the close of expert discovery "differs substantially from the report, offers a whole new theory, opinion, or methodology, or is outside of the scope of the general scheme of the report, then it is an improper supplementation.").

Courts generally distinguish "true supplementation," such as correcting inadvertent errors or omissions, from gamesmanship, such as new work performed in an attempt to bolster the expert's previously disclosed opinions. Presstek, Inc., 2007 WL 983820, at *5; see also Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. June 20, 2008) (citations omitted). "A party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert report." Marine Polymer Techs., Inc., 2010 WL 1427549, at *4 (citing 6 Moore's Fed. Practice § 26.131[2]).

After reviewing and comparing the initial and revised expert reports, this Court finds the supplemental report only partially permissible. To the extent the revised report incorporates the late-disclosed training summaries, the additions are proper. For example, the revised report provides specific details regarding the course instructions Officer Murphy received, which were directly derived from the late-disclosed training records. See, e.g., Docket No. 59-10 at 9, 20-21. These additions constitute proper supplementation based on the late-disclosed information.

However, Sargent's revised report also includes additions unrelated to the late-disclosed records. Specifically, the revised report contains new citations to previously available sources, and a new section titled "White House Executive Order" that describes the content of a June 2020 order. See Docket No. 59-10 at 8, 15. Plaintiffs provide no satisfactory explanation as to why Sargent waited until May 2, 2026, to provide such analysis. Because this information, with

the exception of the expert opinion rebutted by the report, was available to Plaintiffs long before the expert disclosure deadline, its inclusion is impermissible to bolster the original report. Those portions of the report shall be stricken.

Defendants also seek to strike those portions of Sargent's report that rebut the Defendants' expert reports. Plaintiffs should have asked for leave for Sargent to provide such analysis. Nevertheless, because this Court would have allowed such a motion, it declines to strike that portion(s) of the report. To the extent Defendants would like to provide expert reports that rebut Sargent's report, they may do so within the next forty-five days. They may also incorporate any information gleaned from the Plaintiffs' late-disclosed medical records and re-deposition.

Accordingly, Defendants' motion is granted in part to the extent that new analysis based on new citations, and the "White House Executive Order" section are stricken from the supplemental report. The motion is denied as to the remainder of the supplemental report. Plaintiffs must also comply with the Rule 26 expert disclosure requirements within one week from the date of this order.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for sanctions is granted in part and denied in part.

Any outstanding medical records must be produced by Plaintiffs by October 28, 2026. Defendants are granted leave to re-open the depositions of Plaintiffs Stacey and Deanna Gerardi within thirty days from the date of this order, or by November 18, 2026. Each deposition shall not exceed one hour each and shall be confined to the contents of the late-produced medical records. Plaintiffs shall pay the cost of the court reporters for any such depositions.

Plaintiffs must produce any outstanding expert disclosures as required by Rule 26 of the Federal Rules of Civil Procedure by October 28, 2026. Plaintiffs' revised expert report is stricken consistent with this opinion. To avoid any confusion as to what is permissible, the parties must provide, jointly, if possible, separately, if necessary, a revised report consistent with this order to the Court for its consideration by November 4, 2026.

Defendants may provide new expert reports consistent with this order by December 2, 2026. To the extent that any of the revisions stem from the late-disclosed medical records and resulting re-depositions, Defendants may seek the costs associated with those revisions only.

Finally, given all of the discovery allowed due to the parties' late disclosures, the parties, jointly if possible, or separately, if necessary, must provide a revised schedule for the remainder of the pre-trial phases of this case within two weeks of the date of this order for this Court's consideration. The current deadlines are extended until this Court imposes new ones after receipt of the proposed schedule. This Court declines to impose any other sanctions, including attorneys' fees.

*/s/ Jennifer C. Boal*
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE